**JOURNAL PUBLISHING CO.,**
Petitioner,

v.

**The Honorable E.L. MECHEM, United States District Court for the District of New Mexico, Respondent.**

**Van Bering Robinson, Real Party in Interest**

**John Maruffi, et al, Real Parties in Interest**

**New Mexico Press Association, Amicus Curiae.**

No. 86–1328.

United States Court of Appeals, Tenth Circuit.

Sept. 24, 1986.

Wayne C. Wolf, Kathleen Davison Lebeck and Anthony J.D. Contri of Civerolo, Hansen & Wolf, P.A., Albuquerque, N.M., for real parties in interest (defendants-appellants).

Hal Simmons, New Mexico Press Ass'n, Albuquerque, N.M., for amicus curiae.

Eric D. Lanphere and Michael A. Gross of Johnson & Lanphere, P.C., Albuquerque, N.M., for petitioner.

James R. Toulouse of Toulouse, Toulouse & Garcia, P.A., Albuquerque, N.M., for real party in interest (plaintiff).

Before McKAY, LOGAN and ANDERSON, Circuit Judges.

McKAY, Circuit Judge.

Journal Publishing Company has petitioned this court for a writ of mandamus directing Judge E.L. Mechem to dissolve his post-trial order prohibiting press interviews with certain jurors. Those jurors served in a controversial trial in which Van Bering Robinson charged that his civil rights were violated by the City of Albuquerque, its chief of police, and several police officers. The jury found for Mr. Robinson and against all defendants except the city of Albuquerque.

At the close of the case, Judge Mechem admonished the jurors not to discuss their verdict. He stated:

> You should not discuss your verdict after you leave here with anyone. If anyone tries to talk to you about it, or wants to talk to you about it, let me know. If they wish [to] take the matter up with me, why, they may do so, but otherwise, don't discuss it with anyone.

Petitioner's exhibit 1, at 3 (partial transcript of proceedings).

Because of the newsworthy nature of the trial, Journal Publishing Company wanted to interview the jurors in the case. Journal Publishing wrote Judge Mechem informally and requested that he rescind or modify his order prohibiting communication with former jurors. In a written response, Judge Mechem refused the request, explaining that he admonishes the jury to remain silent only in civil actions. After receiving this response, Journal Publishing filed a motion for leave to interview the jurors. Judge Mechem has not ruled on this motion.

Consequently, Journal Publishing petitioned this court for a writ of mandamus against Judge Mechem. In support of this motion, Journal Publishing argues that his order denies its first amendment right to gather news, denies the public the opportunity to know the basis of the jury's verdict, and violates the jurors' first amendment rights.

■ Before considering the merits of the petition, we hold that Journal Publishing has standing to bring this action. Journal Publishing alleged an injury in fact because the court's order impeded its ability to gather news, and that impediment is within the zone of interest sought to be protected by the first amendment. *See Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 152–53, 90 S.Ct. 827, 829–30, 25 L.Ed.2d 184 (1970); *Concerned Citizens for Separation of Church and State v. Denver*, 628 F.2d 1289, 1295 (10th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981); *United States v. Sherman*, 581 F.2d 1358, 1360 (9th Cir.1978).

■ This court has jurisdiction to issue a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a) (1982). Since it is a drastic remedy, mandamus is only to be invoked in extraordinary situations. *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976); *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir.1978). Thus, we will not issue a writ unless the petitioner has no other adequate means to attain the relief he seeks, and unless his right to the issuance is "clear and indisputable." *Kerr*, 426 U.S. at 403, 96 S.Ct. at 2124. Moreover, we will not issue mandamus against a district court unless it has clearly abused its discretion. *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 146–47 (10th Cir.1967). However, a writ is appropriate when the district court's order is an oft-repeated error or when the order raises new and important problems and issues of law of the first impression. *Radio and Television News Association v. United States District Court*, 781 F.2d 1443, 1444–45 (9th Cir.1986) (citing *Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir.1977)).

■ We first conclude that it is proper for Journal Publishing to seek mandamus. Because Journal Publishing was not a party and could not challenge the post-trial order on direct appeal, it has no other adequate means to obtain relief.

We next consider whether the trial court clearly abused its discretion when it issued the order effectively prohibiting Journal Publishing from interviewing jurors after the trial was over. We note that trial courts have a wide discretion in being able to protect the judicial process from influences that pose a danger to effective justice. Even though the threat to justice caused by news media contact with jurors is much lower after trial than it is during trial, *see Sherman*, 581 F.2d at 1361, the courts have properly exercised their right to protect jurors from unwanted post-trial harassment. *See United States v. Harrelson*, 713 F.2d 1114, 1117–18 (5th Cir.1983), *cert. denied*, 465 U.S. 1041, 104 S.Ct. 1318, 79 L.Ed.2d 714 (1984). For example, courts have routinely shielded jurors from post-trial "fishing expeditions" carried out by losing attorneys interested in casting doubt on the jury's verdict. *United States v. Hall*, 424 F.Supp. 508, 538–39 (W.D.Okla.1975), *aff'd*, 536 F.2d 313 (10th Cir.1976); *Wilkerson v. Amco Corp.*, 703 F.2d 184, 185 (5th Cir.1983). We have upheld the denial of a motion by a losing attorney to interview jurors because that attorney's assertion of jury misconduct was unsubstantiated. *United States v. Wilburn*, 549 F.2d 734, 739 (10th Cir.1977).

■ As we consider the precedent from juror-interview cases, we distinguish cases discussing contact with jurors by news media from cases dealing with contact by parties or the attorneys that took part in the trial. *See In re Express News Corp.*, 695 F.2d 807, 810 n. 3 (5th Cir.1982). The media has less incentive to upset a verdict than does a losing party or attorney. Thus, while a court may broadly proscribe attorney and party contact with former jurors, it does not have the same freedom to restrict press interviews with former jurors.

■ News gathering is an activity protected by the First Amendment. *Branzburg v. Hayes*, 408 U.S. 665, 681, 92 S.Ct. 2646, 2656–57, 33 L.Ed.2d 626 (1972). Even though the first amendment does not invalidate every burdening of the press, *id.* at 682, 92 S.Ct. at 2657, or provide an unrestrained right to gather information, *Zemel v. Rusk*, 381 U.S. 1, 17, 85 S.Ct. 1271, 1281, 14 L.Ed.2d 179 (1965), any inhibitions against news coverage of a trial carry a heavy presumption of an unconstitutional prior restraint. *Sherman*, 581 F.2d at 1361. If a court order burdens constitutional rights and the action proscribed by the order presents no clear and imminent danger to the administration of justice, the order is constitutionally impermissible. *See CBS, Inc. v. Young*, 522 F.2d 234, 240 (6th Cir.1975). A court may impose a prior restraint on the gathering of news about one of its trials only if the restraint is necessitated by a compelling governmental interest. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07, 102 S.Ct. 2613, 2619–20, 73 L.Ed.2d 248 (1982) (dealing with criminal trials); *Haeberle v. Texas International Airlines*, 739 F.2d 1019, 1021 (5th Cir.1984); *Express-News*, 695 F.2d at 810; *Sherman*, 581 F.2d at 1361. Moreover, the court must narrowly tailor any prior restraint and must consider any reasonable alternatives to that restraint which have a lesser impact on first amendment rights. *Globe Newspaper Co.*, 457 U.S. at 607, 102 S.Ct. at 2620; *Levine v. United States District Court*, 764 F.2d 590, 595 (9th Cir.1985); *Express-News*, 695 F.2d at 810; *Sherman*, 581 F.2d at 1361. These requirements apply for criminal trials as well as civil trials. Of course, the weight to be assigned the factors may vary just as the interests of the opposing sides may vary in the context of particular cases.

■ Judge Mechem's order restricting press contact with former jurors was impermissibly overbroad. It contained no time or scope limitations and encompassed every possible juror interview situation. It would have been constitutionally permissi-

ble for the court routinely to instruct jurors that they may refuse interviews and seek the aid of the court if interviewers persist after they express a reluctance to speak. *Harrelson*, 713 F.2d at 1117–18. It could have told the jurors not to discuss the specific votes and opinions of noninterviewed jurors in order to encourage free deliberation in the jury room. *Id.* at 1118. But the court could not issue a sweeping restraint forbidding all contact between the press and former jurors without a compelling reason.

We have made no attempt to indicate all restraints which the court may or may not impose. We indicate only that the court's power to impose prior restraints on first amendment rights is limited and that with few exceptions it must be exercised in response to specific compelling reasons. Because Judge Mechem's order was impermissibly overbroad, Journal Publishing has a clear and indisputable right to an order of mandamus reversing the decree. Mandamus is particularly appropriate here because of the potential for the trial court to repeat its overbroad restriction of press contact with former jurors. Therefore, we order Judge Mechem to dissolve his order prohibiting all press contact with the jurors who rendered a verdict in *Robinson v. Maruffi*, United States District Court for the District of New Mexico, Case No. 84–1216–M Civil. Our order is without prejudice to the entry of a substitute order which conforms to the standards and limitations set out herein.