866 F.2d 331
 UNITED STATES of America, Petitioner,
v.
The Honorable Bruce S. JENKINS, United States District Court
for the District of Utah, Respondent,
Derek Aragon Mendes, Defendant-Real Party in Interest.
 No. 88-1830.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 19, 1989.
 
 Maury S. Epner (Brent D. Ward, U.S. Atty., and Bruce C. Lubeck, Asst. U.S. Atty., Salt Lake City, Utah, with him on the briefs), Dept. of Justice, Washington, D.C., for petitioner.
 Ronald J. Yengich of Yengich, Rich, Xaiz & Metos, Salt Lake City, Utah, for defendant-real party in interest.
 Before MOORE, BARRETT, and TACHA, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The government seeks a writ of mandamus ordering the District Court of the District of Utah to impose the mandatory enhanced sentence provided by 21 U.S.C. Sec. 841(b)(1)(B). The respondent court has chosen not to reply to the petition. Instead, the court has filed a letter stating: "The record demonstrates the reasons for the action taken." As the real party in interest, defendant Derek Aragon Mendes responds to the petition, urging the government's proper remedy is a direct appeal and asserting the trial court did not abuse its discretion in refusing to invoke Sec. 841(b)(1)(B). The issues we consider are whether mandamus is a proper remedy, and, if so, whether it should issue in this case to correct the sentence. Concluding both questions must be answered affirmatively, we issue the writ.
 
 
 2
 Defendant Mendes was convicted on one count of conspiracy, 21 U.S.C. Sec. 846; one count of possession with intent to distribute controlled substances, 21 U.S.C. Sec. 841(a)(1); and one count of aiding and abetting, 18 U.S.C. Sec. 2. The convictions arose from a search predicated upon informant disclosures and subsequent seizures of controlled substances made in an apartment rented by Mr. Mendes and occupied by him at the time of the seizures.
 
 
 3
 When the apartment was searched, Mr. Mendes was discovered seated at a kitchen table. On the table in front of him was .3 gram of cocaine, a rolled-up twenty dollar bill, and a razor blade. In another location in the apartment, agents discovered and seized about 800 grams of almost pure cocaine, 125 grams of heroin, a scale, and a handgun. Also found with those items was $30,000 in cash which Mr. Mendes later admitted belonged to him.
 
 
 4
 Mr. Mendes was convicted of possession with intent to distribute approximately eight ounces of heroin and twenty-four ounces of cocaine. At sentencing, the government requested the court impose sentence on this count under 21 U.S.C. Sec. 841(b)(1)(B), which states that persons with one or more prior narcotics convictions, who possess with intent to distribute:
 
 
 5
 (i) 100 grams or more of a mixture or substance containing a detectable amount of heroin;
 
 
 6
 (ii) 500 grams or more of a mixture or substance containing a detectable amount of ... (II) cocaine....
 
 
 7
 ....
 
 
 8
 such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years ... a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual ... or both.
 
 
 9
 (Emphasis added.)
 
 
 10
 Throughout the sentencing hearing, in colloquy with the prosecutor, the trial court expressed several substantial concerns over the statute and why it should not be applied. However, after delineating these concerns, the court concluded only one applied to this case.[1] The court was troubled by the agreement between the government and the defendant that led to giving a "no quantity" instruction. As a result, the court concluded Sec. 841(b)(1)(B) could not be invoked because the jury had made no finding of the quantity of the controlled substance possessed by Mr. Mendes. The court stated:
 
 
 11
 I should point out that the instruction given ... told this jury: The evidence need not establish that the amount or quantity of heroin or cocaine was as alleged in the indictment, but only that a measurable amount of heroin or cocaine was in fact the subject of the acts charged in the indictment. The actual amount involved is not important....
 
 
 12
 Now, that instruction accurately states the law, it seems to me, with respect to the substantive offense. It seems to me the defendant cannot be sentenced under the enhancement provisions without a finding as to the quantities involved.... [I]t seems to me this court is in no position to substitute its judgment for the judgment of the jury. Where, as here, the jury finds the defendant guilty of possession, it does not specifically say what quantity of drug or drugs the defendant possessed, and has been instructed it doesn't matter, and the evidence is susceptible of different interpretations, which it seems to me that it did, some requiring enhancement and others not, the court should not have to guess which quantity the jury implicitly found.
 
 
 13
 Although Mr. Mendes had a previous narcotics conviction, the trial court refused to apply the enhanced sentence provision. Instead, it sentenced the defendant to concurrent forty month terms of imprisonment on each of the three counts.
 
 
 14
 Given these circumstances, the seminal question we must answer is whether this case is proper for a mandamus remedy. Recognizing that mandamus is appropriate only when there are no other adequate means to attain the relief requested, Journal Publishing Co. v. Mechem, 801 F.2d 1233 (10th Cir.1986), the government urges neither a direct appeal nor Fed.R.Crim.P. 35(a) provides it a vehicle for relief. Because the criminal acts involved in this case were committed before November 1, 1987, the government argues the remedy established by 18 U.S.C. Sec. 3742(b)(1)[2] is unavailable. The government further contends that filing a Rule 35(a)[3] motion would be "utterly fruitless" because the trial court was exposed to the government's position throughout the lengthy sentencing hearing. Thus, the government urges that mandamus is warranted because the trial court's refusal to apply Sec. 841(b)(1)(B) constitutes a "judicial usurpation of power or a clear abuse of discretion." United States v. West, 672 F.2d 796, 799 (10th Cir.), cert. denied, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982).
 
 
 15
 Mr. Mendes responds that either Rule 35(a) or 18 U.S.C. Sec. 3742 is a proper avenue for the government to contest the validity of the sentence. Thus, he argues, since the government followed neither, it has failed to satisfy the first requirement for mandamus relief.
 
 
 16
 The government is correct that the provisions of the Sentencing Reform Act are inapposite; hence, direct appeal of the sentence is unavailable. The Act took effect on November 1, 1987. Pub.L. No. 98-473, Sec. 235, 98 Stat. 2031, as amended by Act of December 26, 1985, Pub.L. No. 99-217, Sec. 4, 99 Stat. 1728. The sentencing provisions of the Act are limited to cases in which the crime was committed after the effective date. Pub.L. No. 100-182 Sec. 2(a), 101 Stat. 1266. We believe the appeal provided by Sec. 3742(b)(1), which is designed to review those sentences, must therefore be confined to cases in which the Act is invoked. Hence, Sec. 3742 does not apply to a case in which the crime was committed, as here, before November 1, 1987. See also United States v. Horak, 833 F.2d 1235, n. 12 (7th Cir.1987).
 
 
 17
 The real issue is whether the government should be required to pursue Rule 35(a) before attempting to invoke the mandamus jurisdiction of this court.[4] Doubtless, this avenue is proper, but does that mean mandamus cannot be invoked until the government files the motion and has it denied? We think not. One purpose behind the limitation of the mandamus remedy to cases in which no other recourse is available is to protect against preemptive use of this prerogative remedy. 52 Am.Jur.2d Mandamus Secs. 31, 46 (1970). That purpose has been satisfied in this case because the question was thoroughly presented and argued at length at the sentencing hearing. The district court has fully considered the issues and declined to respond to the order to show cause in this case. As a consequence, requiring the government to raise the issue again in light of the trial court's unreserved conclusions would be both a mechanistic ritual and a wasteful kowtow to form over substance. Consequently, within the perimeter of this case, we conclude no remedy other than mandamus is available to the government. We also believe that the problem raised in this petition is new and important, further justifying the exercise of mandamus jurisdiction. Journal Publishing, 801 F.2d at 1235.
 
 
 18
 The next question is whether the enhancement provisions of Sec. 841(b)(1)(B) depend upon a jury finding of the quantities specified in the statute. The trial court concluded that enhancement could not be invoked without such a finding because of the disparity between the quantity of substance located on the table in front of Mr. Mendes at the time of his arrest and the quantities of substance located elsewhere in the apartment. Mr. Mendes argues that analysis is proper because previously we have said that quantity is a critical element of the offense of possession with intent to distribute. United States v. Crockett, 812 F.2d 626, 629 (10th Cir.1987). Defendant's reliance is misplaced, however, because Crockett is inapposite.
 
 
 19
 The question in Crockett was whether the requisite quantity must be alleged and proved at trial before an enhanced penalty can be imposed. We held, in that context, quantity was a critical element which must be set out in the indictment, and failure to do so was a bar to an enhanced sentence. That is not the substance of this case, however, because the requisite quantity was both alleged in the indictment and proved at trial.
 
 
 20
 The trial court's concern here was over the effect of the so-called "no quantity" instruction. The court believed this instruction, when coupled with the disparity between the amount of cocaine in Mr. Mendes' immediate possession and that in his constructive possession, created a doubt whether the jury had determined whether Mr. Mendes possessed a quantity of the substance sufficient to warrant the enhanced penalty. Mr. Mendes argues this doubt allows the trial court to exercise discretion, despite the mandatory language of Sec. 841(b)(1)(B), and to refuse to enhance the sentence. Therein lies the nub of this case.
 
 
 21
 There are two reasons why the trial court's concern is misplaced. First, the quantity requirements of Sec. 841(b)(1)(B) are applicable only to sentencing and do not relate to the jury's fact-finding function. Second, the trial court should not have speculated over the disparity in quantities because the evidence showed the defendant was in constructive possession of a sufficient quantity of substance to warrant imposition of the mandatory enhancement.
 
 
 22
 The effect of the trial court's analysis is to superimpose the sentencing aspects of Sec. 841(b) upon the crimes defined and charged under Sec. 841(a). We find no basis for doing so either in the statutes themselves or elsewhere. The jury was neither called upon nor required to make a quantity finding to return a verdict of guilty. Consequently, its failure to return such a finding is a non sequitur for the purpose of sentencing.
 
 
 23
 By contrast, the sentencing judge, and not the jury, is required to follow the mandates of Sec. 841(b). In doing so, the judge is guided by the evidence introduced at trial. Congress clearly intended Sec. 841(b)(1)(B) to be a sentencing provision independent of the substantive charges to which it applies. United States v. Wood, 834 F.2d 1382 (8th Cir.1987), cf. United States v. Gregg, 803 F.2d 568, 570 (10th Cir.1986), cert. denied, 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987); United States v. Normandeau, 800 F.2d 953, 956 (9th Cir.1986). Moreover, the quantity of the substance in the possession of the defendant which invokes the application of the enhanced penalty is not an element of the substantive offense upon which the charge is based. Hence, the government is not bound to independently prove the essential quantities beyond a reasonable doubt. Cf. McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); Patterson v. New York, 432 U.S. 197, 214, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281 (1977). Most importantly here, however, because the enhancement motivating fact is not an element of the offense, the defendant has no right to a finding by a jury that the fact has been established. McMillan, 477 U.S. at 93, 106 S.Ct. at 2420; Childress v. Lynaugh, 842 F.2d 768, 773 (5th Cir.1988); Wood, 834 F.2d at 1390; Field v. Sheriff of Wake County, 831 F.2d 530, 537 (4th Cir.1987). See also United States v. Brandon, 847 F.2d 625 (10th Cir.1988).
 
 
 24
 Finally, we believe the trial court's concern over the difference in quantity of the substances discovered immediately in front of Mr. Mendes and the substances discovered in the remainder of the apartment was without foundation. Nothing in Sec. 841(b)(1)(B) suggests Congress intended to limit applicability of the enhanced sentence to those in immediate possession of controlled substances. It is sufficient for sentencing purposes that the evidence establish the defendant had "possession" within the parameters of that concept as applied to the substantive offense. Inasmuch as constructive possession of a controlled substance proven by circumstantial evidence will support a possession conviction, United States v. Holm, 836 F.2d 1119, 1122 (8th Cir.1988), circumstantial evidence of constructive possession will satisfy the enhanced sentencing requirements. Abundant circumstantial evidence of Mr. Mendes' possession of a sufficient quantity to implement enhanced sentencing was present in this case.
 
 
 25
 We conclude the respondent court's refusal to apply the mandatory minimum sentence required by 21 U.S.C. Sec. 841(b)(1)(B) was an usurpation of judicial authority which resulted in an illegal sentence. For that reason the respondent is ordered to initiate proceedings in accordance with former Fed.R.Crim.P. 35(a) to correct that sentence.
 
 
 
 [1]
 One of the court's prevalent concerns was the language of Sec. 841(b)(1)(B), which the court believed would permit someone convicted of possessing a pound of a pure controlled substance to escape an enhanced sentence while a person who possessed a trace amount mixed into a ton of talcum powder would not. The court's ultimate holding was not based upon this interpretation, however
 
 
 [2]
 This portion of the Sentencing Reform Act allows the government to appeal a sentence "imposed in violation of law."
 
 
 [3]
 Former Fed.R.Crim.P. 35(a) states: "The court may correct an illegal sentence at any time...."
 
 
 [4]
 Mandamus is certainly an appropriate remedy to correct an illegal sentence. United States v. Cannon, 778 F.2d 747 (11th Cir.1985), cert. denied, --- U.S. ----, 108 S.Ct. 109, 98 L.Ed.2d 68 (1987); United States v. Dean, 752 F.2d 535 (11th Cir.1985), cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986)