931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Ronald GUDER and Everette Vern Guder, true name Everett
Vern Guder, Defendants-Appellants.
 Nos. 90-3093, 90-3094.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1991.
 
 Before JOHN P. MOORE, ALDISERT* and McWILLIAMS, Circuit Judges.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 In this consolidated appeal, Everette Vern Guder and his son, Gary Ronald Guder, contest their convictions under 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, for possession with intent to distribute 1,000 marijuana plants, a Schedule I controlled substance. The Guders focus on the quantity of marijuana plants found as the basis for conviction and sentence. Defendants assert the evidence was insufficient to establish the intent to distribute, which warranted the court's giving an instruction on simple possession, the lesser included offense. We disagree and affirm the district court's refusal to give the instruction. However, citing United States v. Labat, 915 F.2d 603 (10th Cir.1990), defendants correctly urge error in the district court's imposition of a monetary fine to pay the costs of incarceration when no punitive fine was imposed. We therefore affirm in part and reverse in part.
 
 
 2
 In July 1989, Allen County, Kansas Undersheriff, Joe Robinson, checked out a 160-acre plot of farmland where it was suspected marijuana plants were being cultivated. By a creek bottom, Robinson discovered about 100 trays of small pots containing marijuana plants, some trays containing as many as 36 individual plants (Plot A). Two days later, Officer Robinson returned with another officer and discovered that some of the trays had been removed. The two men then followed a trodden path which led to vehicle tracks and a second field where marijuana was planted (Plot B). Plot B was an open area surrounded by heavy timber and fenced off with barbed wire. In this area, Officer Robinson found 6 1/2 trays containing plants of similar appearance to those seen in Plot A.
 
 
 3
 Early the next morning,[1] Officer Robinson returned to Plot B to surveil the area and observed two men hauling buckets from the creek to water the plants, separating the male and female plants, and planting the female plants.[2] The two were arrested and identified themselves as Everette and Gary Guder, a local farmer and his son, both longtime residents of the county. After photographing the area, officers later seized approximately 3,000 plants from Plot A, and 232 planted marijuana plants and 300 unplanted pots from the second location.
 
 
 4
 At trial, the government offered evidence of the number of plants, the testing results from different plant samples, the ownership of the land and its lease to Mr. Everette Guder, and the eyewitness accounts of the arresting officers. In addition, the government was permitted to elicit testimony from a custodial officer who, during pretrial detention, overheard Mr. Gary Guder tell his sister in a telephone conversation, "All they found was that small patch I was working on. I don't think they found it all."[3] Through cross-examination, defendants attempted to establish the lack of connection between Plot A, where they weren't seen, and Plot B, where they were found with a substantially smaller number of plants. Based on the number of plants actually tested and the size of the plants, defendants argued the evidence established their possession of marijuana but was devoid of the necessary element to prove intent to distribute. Nevertheless, the jury found both defendants guilty of the charge, and the court sentenced Mr. Everette Guder to 120-months imprisonment, 5 years of supervised release, and assessed $145,205.70 for the costs of incarceration. The court sentenced Mr. Gary Guder to 240-months imprisonment,[4] 10 years of supervised release, and assessed $290,411.40 for the costs of confinement.
 
 
 5
 Defendants raise three issues all related to the question of quantity. First, defendants contend the court erred in refusing to give their proffered instruction on simple possession by looking only to the alleged total number of plants found rather than tangible evidence of actual distribution. Second, they maintain the court erred in instructing the jury that the government need only prove "a measurable amount of marijuana" was involved.[5] Thus, although the government could substitute quantity for proof of intent, defendants argue, the jury was told the government did not have to prove any particular quantity. Third, although the court ignored exact quantity for purposes of proof of guilt, its finding defendants possessed 1,000 plants for purposes of sentencing was clearly erroneous.
 
 
 6
 We address each issue in order. Defendants contend the evidence established only simple possession, requiring the court to instruct the jury on the lesser offense. In support, they urge there was no evidence of any sale of marijuana; the plants were immature, containing no buds yet; and only 90 plants had been tested. However, none of these factors alone or cumulated is sufficient to overcome the inference arising from the presence of over 1,000 and perhaps as many as 3,000 marijuana plants.
 
 
 7
 Whether the marijuana plants in this case contained buds or had matured sufficiently to harvest for sale is immaterial. Under the now extant case law, a marijuana plant, seedling, cutting, or mature plant, is a "plant" as that term is used in the Guidelines. See U.S.S.G. Sec. 2D1.1 at 2.47; United States v. Corley, 909 F.2d 359, 361 (9th Cir.1990). Indeed, cuttings with "a degree of root formation" to survive are plants. United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990); see also United States v. Eves, No. 90-3230 (10th Cir.1991).[6] Thus, for purposes of proving intent, this quantity of immature plants is dispositive. Their sheer number leads inexorably to a conclusion that defendants possessed marijuana with the intent to distribute. United States v. Molina-Iquado, 894 F.2d 1452 (5th Cir.), cert. denied, 111 S.Ct. 95 (1990); United States v. Espinosa, 771 F.2d 1382 (10th Cir.), cert. denied, 474 U.S. 1023 (1985). Under these circumstances, evidence of any particular sale is not required.
 
 
 8
 To support a conviction of possession with intent to distribute, the government must establish the defendants possessed marijuana, knew the substance was marijuana, and intended to distribute it. United States v. Howard, 895 F.2d 722, 724 (11th Cir.), cert. denied, 110 S.Ct. 3286 (1990). Defendants' presence on Plot B, watering and transplanting the marijuana plants, coupled with the number of plants, provides each of the necessary elements of the offense.
 
 
 9
 Upon this proof, no instruction on the lesser-included-offense of simple possession can be seated. To warrant giving such an instruction, we have said: (1) a proper request must be made; (2) the lesser-included-offense must consist of some, but not all, of the elements of the offense charged; (3) the element differentiating the two offenses must be a matter in dispute; and (4) a jury must be able to rationally convict the defendant of the lesser offense. United States v. Joe, 831 F.2d 218, 219 (10th Cir.1987), cert. denied, 484 U.S. 1072 (1988), citing Fitzgerald v. United States, 719 F.2d 1069, 1071 (10th Cir.1983). Although defendants satisfied the first three components of this test, we are not convinced a rational jury could find the defendants possessed at least 1,000 plants, each plant producing about a kilogram of marijuana,[7] for personal use only.[8] The district court properly denied giving the requested instruction.
 
 
 10
 Despite defendants' effort to set off quantity for proof of intent against quantity as an essential element of the crime in order to discredit Instruction No. 9, the district court properly instructed the jury that "only a measurable amount of marijuana" was the subject of the act charged. Under 21 U.S.C. Sec. 841(a), any amount of marijuana manufactured, distributed, dispensed or possessed with intent to perform that act is prohibited. We have previously addressed the error of superimposing the sentencing requirements of Sec. 841(b) upon the crimes defined in Sec. 841(a). United States v. Jenkins, 866 F.2d 331, 334 (10th Cir.1989). Subsection (a) defines only the 'prohibited acts' under section 841. Subsection (b), the sentencing provision, is applicable only after a conviction under Sec. 841(a). Thus, a failure to find a specific quantity under Sec. 841(a) neither invalidates the jury's fact-finding function nor undermines the conviction. Id.
 
 
 11
 When an indictment does allege that a particular quantity is involved, the effect is only to put the defendant on notice that the enhanced penalty provisions of Section 841(b) may apply. Because the quantity is relevant only to enhancement of the sentence, the government is not required to prove the quantity alleged, unless of course specification of the particular quantity is somehow misleading to the defendant as to the conduct or transaction that is the basis of the charge.
 
 
 12
 United States v. Campuzano, 905 F.2d 677, 679 (2d Cir.), cert. denied, 111 S.Ct. 363 (1990). Defendants' contention is, thus, without merit.
 
 
 13
 Quantity, however, is the basis for sentencing under Sec. 841(b).[9] Looking to the marijuana plants seized at the time of arrest and "other marijuana plants found on the property," the district court concluded by a preponderance of the evidence that "over 3,000 marijuana plants constitute the quantity of drugs to determine the offense level." Applying this number to the Drug Quantity Table of the Guidelines resulted in a Base Offense Level 26, which was factored into Mr. Gary Guder's total sentencing calculation and produced a guideline range of 63 to 78 months. However, because the statutory minimum sentence was greater than the maximum applicable guideline sentence, the court imposed the statutory minimum sentence of ten years. U.S.S.G. Sec. 5G1.1(b).
 
 
 14
 To reverse the sentence, we must find the district court clearly erred in finding the quantity of marijuana on which sentence was based. United States v. Harris, 903 F.2d 770, 778 (10th Cir.1990). Under United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir.1990), quantities of drugs involved in the crime but not charged in the indictment may be used in determining the base offense level. The 1,000 plants in this case charged in the indictment are fully supported and established by the record. Moreover, the Guidelines provide that the statutory minimum sentence "shall be the guideline sentence" in the event it conflicts with the guideline calculation. U.S.S.G. Sec. 5G1.1(b); United States v. Larotonda, (No. 90-1486, 2d Circuit, March 11, 1991); United States v. Garcia-Pillado, 898 F.2d 36, 39 (5th Cir.1990). Consequently, the district court properly superimposed the statutory minimum sentence under the facts of this case. Although the resulting sentences based on this number of plants are harsh, particularly in the case of Mr. Everette Guder, now sixty-three years old, Congress has spoken, and we cannot disregard the import of the evidence to evade this message under Sec. 841(b). Surely the magnitude of the sentences may cause others contemplating similar botanical pursuits to reevaluate their harvest plans.
 
 
 15
 Finally, the fines to cover the costs of incarceration under U.S.S.G. Sec. 5E1.2(i) cannot be imposed and must be reversed under our holding in United States v. Labat, 915 F.2d at 603. The court assessed no punitive fine, thus undercutting the basis for the "additional" fine. Id. at 607. We therefore AFFIRM defendants' convictions, but VACATE the imposition of the fines under Sec. 5E1.2(i).
 
 
 
 *
 The Honorable Ruggero J. Aldisert, United States Senior Circuit Court Judge for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Officer Robinson surveilled the area the previous night with no success
 
 
 [2]
 The male plants are removed and discarded to prevent cross-pollination, permitting the female plants to produce more marijuana
 
 
 [3]
 The statement was redacted to avoid hearsay problems. In the original statement, the witness stated he overheard "we were working on."
 
 
 [4]
 A prior conviction lengthened Gary Guder's sentence. However, in imposing the sentences, the court noted it was "somewhat amazed" by the mandatory minimum sentences it was required to impose, recognizing the impact on a tightly knit farm family that had made an effort for additional income, "maybe a greedy one," and "the family is what we generally hurt more than the defendant." R. IV, 395
 
 
 [5]
 Instruction No. 9 stated:
 In the indictment, it is alleged that a particular amount or quantity of marijuana was involved. The evidence in this case need not establish that the amount or quantity of marijuana was the same as that alleged in the indictment, but only that a measurable amount of marijuana was in fact the subject of the act charged in the indictment.
 
 
 [6]
 In United States v. Eves, No. 90-3230 (10th Cir.1991), we recently stated that "a marijuana 'plant' includes those cuttings accompanied by root balls. Whether the plant could survive on its own would not be an issue; if it looks like a 'plant'--that is, if it has a reasonable root system--it will be considered a 'plant.' " Slip op. at 11
 
 
 [7]
 This figure is taken from the Sentencing Guidelines, Drug Quantity Table, at 2.47
 
 
 [8]
 While not required to do so, we note there is no evidence of personal use in the record
 
 
 [9]
 Subsection (b) states: "Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced...."