UNITED STATES COURT OF APPEALS

**Filed 11/2/95**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA, )
                                 (
    Plaintiff-Appellee, )
                                 )      No. 95-5045
v.                           ) (D.C. No. 94-C-1146-E)
                               )    (N.D. Okla.)
JAMES E. JOUBERT, )
                                 )
    Defendant-Appellant. )

---

ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

James Joubert filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel at both the trial and appellate levels. The district court denied Mr. Joubert's petition on the merits. Mr. Joubert appeals this denial, and we affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

Mr. Joubert argues that his counsel erred by failing to object to jury instructions referring to the controlled substance as "cocaine" when the indictment referred to the controlled substance as "cocaine-base (crack)." The district court agreed that the reference to "cocaine" was inaccurate but held it was harmless.

To succeed on an ineffective assistance of counsel claim, Mr. Joubert must prove both that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). We need not address whether Mr. Joubert's counsel's performance was deficient if we determine that Mr. Joubert did not suffer prejudice. Id. at 697.

Mr. Joubert asserts that the indictment was constructively amended and that the jury may have convicted him on a legally insufficient basis. "An indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment." United States v. Apodaca, 843 F.2d 421, 428 (10th Cir. 1988) (citations omitted).

Mr. Joubert was convicted of conspiracy to possess with

-2-

intent to distribute a controlled substance and conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Although the reference in the jury instructions to the controlled substance cocaine instead of cocaine-base (crack) was inaccurate, the distinction between the two forms of cocaine is not relevant to the conspiracy charge. The essence of a drug conspiracy is not the type of controlled substance involved, but rather is a defendant's participation in an illegal agreement to commit substantive drug violations. As is true with respect to the substantive drug offenses underlying a conspiracy, the quantity of drugs is not an element of the crime and is only relevant to sentencing. Cf. United States v. Cox, 934 F.2d 1114, 1121 (10th Cir. 1991)("[T]he quantity of the [controlled substance] possessed by a defendant is not an element of the substantive offense as defined in 21 U.S.C. § 841(a)."); United States v. Poole, 929 F.2d 1476, 1483 (10th Cir. 1991)("The quantity of a substance possessed by the defendant becomes relevant only in computing a base offense level under the sentencing guidelines."). In order to convict of a substantive drug offense, the government need not prove the quantity involved beyond a reasonable doubt. United States v. Jenkins, 866 F.2d 331, 334 (10th Cir. 1989). Similarly, the quantity of controlled substance is not relevant to a conviction for conspiracy to distribute the controlled substance; it is relevant only to

sentencing.

Cocaine-base is a form of cocaine which is considered by Congress, for sentencing purposes only, to be more offensive than powder cocaine.[1] Because the legal distinction between cocaine and cocaine-base (crack) is relevant only to sentencing, the indictment was not constructively amended, and Mr. Jenkins was not prejudiced by his attorney's failure to object to the jury instructions. No reasonable possibility exists that Mr. Joubert was convicted of a crime not charged in the indictment.

The judgment of the district court is AFFIRMED substantially for the reasons given in the district court's opinion. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1]The district court's imposition of a sentence based on cocaine-base was supported by a preponderance of the evidence at the trial that cocaine-base was the object of the conspiracy.