PUBLISH

UNITED STATES COURT OF APPEALS

Filed 9/25/96                          TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.                                                            No. 95-3409

GERALD T. CECIL,

    Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 95-CR-10038)

Jackie N. Williams, United States Attorney, Stephen K. Lester, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

Laura B. Shaneyfelt, Focht, Hughey & Calvert, L.L.C., Wichita, Kansas, for Defendant-Appellant.

Before TACHA, BALDOCK, and BRORBY, Circuit Judges.[*]

BALDOCK, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Defendant Gerald T. Cecil sold a kilogram of cocaine to a confidential informant working for the government. The government indicted Defendant for distributing a kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At trial, Defendant argued that he was entrapped. The district court instructed the jury on the defense of entrapment and the jury convicted Defendant. On appeal from his conviction, Defendant claims the district court erroneously refused to instruct the jury that the government had to prove that Defendant was predisposed to sell cocaine at the time he was contacted by the confidential informant. Defendant also asserts the district court, in response to a question from the jury, misinformed the jury that the government had to prove that Defendant was predisposed to distribute cocaine, but did not have to prove that Defendant was predisposed to distribute a <u>kilogram</u> of cocaine. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

At trial, the district court delivered the following lengthy instruction to the jury regarding the entrapment defense:

> Defendant Cecil asserts that he was the victim of entrapment as to the offense charged in the indictment.

> Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is the victim of entrapment, and the law as a matter of policy forbids his conviction in such a case.

> On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that government agents provide

-2-

what appears to be a favorable opportunity is not entrapment. For example, it is not entrapment for a government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to engage in an unlawful transaction.

If, then, you should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was predisposed to commit a crime such as charged here, whenever the opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then you should find defendant Cecil was not the victim of entrapment.

On the other hand, if the evidence should leave you with a reasonable doubt whether defendant had the <u>predisposition to commit an offense of the character charged</u>, apart from the inducement or persuasion of some officer or agent of the government, then it is your duty to find defendant Cecil not guilty.

Evidence of predisposition may consist of a showing of a person's desire for profit, his eagerness to participate in the transaction, and/or his ready response, if any, to the government's inducement offers.

Thus, if you find from the evidence that defendant Cecil was induced to commit the crime addressed in the indictment, and at the time was not predisposed to otherwise commit the crime, you must acquit the defendant.

The United States denies defendant Cecil's contentions of fact, and claims that his involvement was as set forth in the indictment.

The burden is on the government to prove beyond a reasonable doubt that the defendant was not entrapped.

Vol. I., Doc. 61, Instruction No. 15 (emphasis added). During deliberations, the jury submitted the following written question to the court:

Question on Instruction No. 15 "predisposition to commit an offense of the character charged" Does the above wording mean the predisposition to commit an offense of a "kilo" buy?

Vol. III, No. 2. Defendant asked the district court to give this instruction in response to the jury's question:

> In response to your question whether the government must prove that the defendant Cecil was predisposed to distribute a kilogram of cocaine, the court instructs you that "predisposition" is defined as a defendant's inclination to engage in the illegal activity for which he has been charged, i.e. that he is ready and willing to commit the crime. It focuses on defendant's state of mind before government agents suggest that he commit a crime. Predisposition may be inferred from a defendant's history of involvement in the type of criminal activity for which he has been charged, combined with his ready response to the inducement offer. The government has the burden of proof to prove beyond a reasonable doubt that the defendant lacked predisposition to commit the crime charged at the time that the government agent (Jeff Schoenthaler) began his efforts to engage the defendant in criminal conduct.

Vol I, Doc. 58. After argument from counsel, the court rejected Defendant's suggested instruction and sent the following answer to the jury: "No." The jury convicted Defendant.

## II.

On appeal from his conviction, Defendant argues the district court erroneously instructed the jury and misstated the law when it answered the jury's question. Specifically, Defendant contends that the district court erred by: (1) "refusing to instruct the jury that the government must prove the defendant was predisposed to sell cocaine at the time that the informant began contacting the defendant;" (2) refusing to deliver his suggested instruction to the jury; and (3) responding "No" to the jury's question whether the government had to prove that Defendant was predisposed to distribute a kilogram of

cocaine.  We address Defendant's arguments in turn.

A.

Defendant first asserts that the district court erred by refusing to instruct the jury that the government's burden required it to prove that Defendant was predisposed to sell cocaine when the confidential informant first contacted him.  Defendant argues that Instruction No. 15 was deficient as a matter of law because it "did not address, in any meaningful manner, the important issue of timing of predisposition."  Aplt. Br. at 11.  According to Defendant, "not one reference in the instruction informs the jury that the predisposition must have been in place at the time the informant first began contacting the defendant."  Id.  Consequently, Defendant urges us to reverse his conviction and remand for a new trial.

We review jury instructions de novo to determine whether, as a whole, the instructions correctly state the governing law and provide the jury with an ample understanding of the issues and applicable standards.  E.g., United States v. de Francisco-Lopez, 939 F.2d 1405, 1409 (10th Cir. 1991).  The instructions must cover the issues presented by the evidence and accurately state the law.  United States v. Davis, 953 F.2d 1482, 1492 (10th Cir.), cert. denied, 504 U.S. 945 (1992).  We will reverse only when the failure to give an instruction is prejudicial in view of the entire record.  United States v. Martin, 18 F.3d 1515, 1519 (10th Cir.), cert. denied, 115 S. Ct. 187 (1994).

The Supreme Court has distilled the principles governing the defense of

-5-

entrapment in the following passage:

> [T]here can be no dispute that the Government may use undercover agents to enforce the law. It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises.
>
> In their zeal to enforce the law, however, Government agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute. <u>Where the Government has induced an individual to break the law and the defense of entrapment is at issue . . . the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents.</u>

 Jacobson v. United States, 503 U.S. 540, 548-49 (1992) (quotations and citations omitted) (emphasis added); see also United States v. Beal, 961 F.2d 1512, 1515-16 (10th Cir. 1992); United States v. Ortiz, 804 F.2d 1161, 1164-65 (10th Cir. 1986).

Viewing Instruction No. 15 against this authoritative statement of the entrapment defense, we conclude the challenged instruction neither misstated the law nor failed to provide the jury with an ample understanding of the applicable standards. Instruction No. 15 did not, as Defendant urges, fail to "address, in any meaningful manner, the important issue of timing of predisposition." Aplt. Br. at 11. Instruction No. 15 cohered with the Supreme Court's statement that it is the prosecution's burden to "prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." Jacobson, 503 U.S. at 549. That is, Instruction No. 15 informed the jury at least three separate times of the importance of the

timing of the predisposition: "[w]here a person has no previous intent or purpose to violate the law . . . he is a victim of entrapment," and "[i]f , then, you should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was predisposed to commit a crime such as charged here . . . then you should find defendant Cecil was not the victim of entrapment," and finally, "where a person already has the readiness and willingness to break the law, the mere fact that government agents provide what appears to be a favorable opportunity is not entrapment."  Vol. I., Doc. 61, Instruction No. 15 (emphasis added).  Consequently, we reject Defendant's argument that Instruction No. 15 was fatally deficient because it did not inform the jury that the government had the burden of proving that defendant was predisposed to sell cocaine when the confidential informant first contacted him.

B.

Next, Defendant argues that the district court erred in refusing to deliver his suggested instruction to the jury.  Defendant contends that the district court should have tendered his instruction to the jury to "fully inform the jury" about the timing of predisposition.  Aplt. Br. at 11.  We reject Defendant's argument that the district court erred in refusing to tender his instruction to the jury because Defendant's instruction misstates the law.

Defendant's instruction provided:

> The government has the burden of proof to prove beyond a reasonable doubt that the defendant <u>lacked predisposition</u> to commit the crime charged at the time that the government agent (Jeff Schoenthaler) began his efforts to engage the defendant in criminal conduct.

Vol. I., Doc 58 (emphasis added). Contrary to Defendant's suggested instruction, the government does not carry the burden of proving that the defendant "lacked predisposition" to commit the crime. Instead, <u>Jacobson</u> instructs that "the prosecution must prove beyond a reasonable doubt that the defendant <u>was disposed</u> to commit the criminal act prior to first being approached by Government agents." <u>Jacobson</u>, 503 U.S. at 549 (emphasis added). Thus, the government's evidentiary burden requires it to prove that the defendant was "disposed to commit the crime" not that the defendant "lacked predisposition to commit the crime." <u>Id.</u> Absence of predisposition to commit the crime is the defendant's evidentiary burden, not the government's. <u>E.g.</u>, <u>Ortiz</u>, 804 F.2d at 1165 ("The defendant must point to evidence of both <u>lack of predisposition</u> and government inducement before the trial judge can determine whether entrapment has been shown sufficiently to present it to the jury.") (emphasis added). Defendant's suggested jury instruction is wrong because it contravenes the clear mandate of <u>Jacobson</u> and places Defendant's burden to raise the entrapment defense on the government.

## C.

Finally, Defendant contends that the district court misstated the law when it answered the jury's question regarding predisposition. Specifically, Defendant argues the district court erred when it responded "No" to the jury's question whether the government was required

-8-

to prove that Defendant was predisposed to distribute a <u>kilogram</u> of cocaine. Because he was charged with distributing a kilogram of cocaine, Defendant maintains that the government "had the burden of proving that the defendant was predisposed, at the time the informant first contacted him on behalf of the police, to sell a kilogram of cocaine." Aplt. Br. at 12. We disagree.

When the defense of entrapment is at issue, "the prosecution must prove beyond reasonable doubt that the defendant was disposed <u>to commit the criminal act</u> prior to first being approached by Government agents." <u>Jacobson</u>, 503 U.S. at 549 (emphasis added); <u>see also</u> <u>Beal</u>, 961 F.2d at 1516. Thus, Defendant's argument requires us to determine what criminal act the government had to prove beyond a reasonable doubt Defendant was predisposed to commit.

Defendant was indicted (and convicted) of violating 21 U.S.C. § 841(a)(1). The drug trafficking provision of § 841 contains two distinct parts: § 841(a) and § 841(b). Subsection (a), entitled "Unlawful acts," defines the criminal act, and prohibits trafficking in "a controlled substance" without reference to quantity. Subsection (b), entitled "Penalties," specifies the punishment for various drug quantities and "does not itself state a criminal offense." <u>United States v. Puryear</u>, 940 F.2d 602, 604 (10th Cir. 1991). Because § 841(a) does not refer to quantity, settled precedent recognizes that the quantity of the drug is not an element of the offense under § 841(a). <u>United States v. Jenkins</u>, 866 F.2d 331, 334 (10th Cir. 1989) ("[T]he quantity of the substance in the possession of the defendant . . .is not an

element of the substantive offense upon which the [§ 841(a)] charge is based."); United States v. Estell, 539 F.2d 697, 699 (10th Cir.) ("It is well settled that the presence and identity of the drug is the thing and that the quantity of it is not important."), cert. denied, 429 U.S. 982 (1976).

In contrast, § 841(b) vests the quantity determination in the sentencing court. Puryear, 940 F.2d at 604; Jenkins, 866 F.2d at 334. "Congress clearly intended § 841(b)(1)(B) to be a sentencing provision independent of the substantive charge to which it applies." Jenkins, 866 F.2d at 334. Thus, a jury is not required to make a quantity finding to find a defendant guilty of violating 21 U.S.C. § 841(a)(1). Id.

These principles demonstrate that although the government was required to prove that Defendant was predisposed to distribute cocaine prior to first being contacted by the confidential informant, it was not required to prove that Defendant was predisposed to distribute a kilogram of cocaine. Although the indictment refers to one kilogram of cocaine, the quantity of cocaine is not an element of the criminal act under § 841(a)(1). Instead, the quantity of cocaine is legally relevant for the sentencing court under § 841(b). E.g., Jenkins, 866 F.2d at 334 (recognizing that § 841(a) does not require the jury to make a quantity determination to return a verdict of guilty and thus a defendant is not entitled to a quantity finding beyond a reasonable doubt). Defendant's entrapment defense required the jury to determine whether the government had established beyond a reasonable doubt that Defendant was predisposed to knowingly, intentionally and unlawfully distribute cocaine in violation

-10-

of 21 U.S.C. § 841(a)(1). Consequently, we hold the district court did not err when it informed the jury that "predisposition to commit an offense of the character charged" did not require the government to prove, as the jury inquired, "predisposition to commit an offense of a 'kilo' buy."

AFFIRMED.