**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eric Ramon BROOKS, Defendant–Appellant.**

**No. 90–5114.**

United States Court of Appeals, Tenth Circuit.

Aug. 2, 1991.

Thomas D. McCormick, Oklahoma City, Okl., for defendant-appellant Brooks.

Tony M. Graham, U.S. Atty., James L. Swartz, Asst. U.S. Atty., Tulsa, Okl., on the briefs, for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, BRIGHT, Senior Circuit Judge *, and SEYMOUR, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Eric Ramon Brooks appeals his conviction and felony sentence for possession of cocaine base under 21 U.S.C. § 844(a) (1988) (amended 1990). Brooks disputes the sufficiency of the evidence supporting his conviction and the propriety of certain prosecutorial questions and comments. He also contends that the court erred in sen-

* Honorable Myron H. Bright, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation.

tencing him for a felony. We affirm Brooks' conviction, but reverse his felony sentence and remand with instructions that Brooks be resentenced for a misdemeanor.

## I.

The Government indicted Brooks for three drug trafficking offenses. In substance, the indictment charged that on March 10–11, 1989, Brooks and three others conspired to acquire and sell three ounces of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). The indictment further charged that the group used firearms to protect their operation in violation of 18 U.S.C. § 924(c) (1988) (amended 1990).

At trial, the Government relied heavily on the testimony of Bernard Saunders, an unindicted cooperating witness. Saunders worked for a California drug operator who wished to expand operations to Tulsa, Oklahoma. The operator sent Saunders to Tulsa, where Saunders rented an apartment for use as a drug "safe house" and set up a local cocaine distribution ring. Saunders maintained that all four alleged conspirators belonged to this drug ring.

In March 1989, the police raided the apartment. During the raid, Brooks hid in a closet and, upon discovery, gave a false name. The police found no cocaine on Brooks, but confiscated roughly three ounces of cocaine base from other locations in the apartment. The amounts recovered ranged from small chips of cocaine base on the kitchen counter to a black nylon bag containing thirty-two grams.

Brooks testified in his own defense. He maintained that he met Saunders for the first time while visiting family in Tulsa. Brooks claimed that fear motivated his evasive behavior during the raid; he denied any involvement with drugs, guns and the other defendants.

At the close of trial, defense counsel requested an instruction on the lesser-included offense of simple possession. *See* 21 U.S.C. § 844(a). The court's instruction on simple possession contained no mention of drug quantity. The verdict form sub-

mitted to the jury also lacked any reference to the amount of drugs alleged.

The jury acquitted Brooks of the drug trafficking and firearms counts and returned only a general guilty verdict on the lesser-included offense of simple possession. At sentencing, the court determined that Brooks possessed five or more grams of cocaine base and therefore imposed the mandatory statutory minimum sentence of five years. *See* 18 U.S.C. § 844(a).

This appeal followed.

## II.

### A. Sufficiency of the Evidence

■ Brooks first contends that the evidence fails to establish his constructive possession of the cocaine in the apartment. To constructively possess contraband, a person must knowingly hold the power and ability to exert control over it. *United States v. Culpepper*, 834 F.2d 879, 881 (10th Cir.1987). Constructive possession can be established by circumstantial evidence and may be joint among several individuals. *Id.* at 882.

■ We cannot agree with Brooks that the evidence demonstrates only his misfortune to be in the wrong place at the wrong time. Although a permissible view, the facts also reveal that the apartment contained openly visible cocaine and that Brooks attempted to conceal both his presence and identity from police. Additionally, the jury heard Saunders' testimony that Brooks participated in prior acts of cocaine distribution. In our view, these factors entitled the jury to draw the less favorable inference that Brooks constructively possessed the cocaine found in the apartment.

### B. Prosecutorial Comments

■ Brooks contends that the prosecutor improperly made and elicited comments about his post-arrest silence. The dispute arises from the prosecutor's attempt to discredit Brooks' testimony that during the raid, Officer Chris Witt took Brooks into a back room and beat him. The prosecutor asked Brooks whether he had reported the beating to anyone, including the police.

The prosecutor then asked four police officers whether Brooks had ever mentioned the beating to them. Finally, the prosecutor argued to the jury in closing:

> Not one of [the police officers] took any evidence or statements from [Brooks] afterwards that anybody had laid a hand on him and more than that, ladies and gentlemen, Chris Witt wasn't in there by himself doing this, Officer Davis was in there with him, he said, the whole time when this defendant was advised of his rights and he never saw Chris Witt lay a hand on him.

Tr. at 388.

Defense counsel failed to object to the prosecutor's closing remarks and objected to the prosecutor's line of questioning only once. On that occasion, the court responded by instructing the jury to totally disregard any statements about Brooks' post-arrest silence. The court further explained that Brooks had a right to refuse to talk with the police and that no negative inferences could be drawn from his exercise of such privilege.

We deem it unnecessary to determine whether the prosecutor's questions or closing remarks were intended, or would be understood, as a comment on Brooks' right to remain silent. *See United States v. Morales–Quinones*, 812 F.2d 604, 613 (10th Cir.1987) (quoting *United States v. Barton*, 731 F.2d 669, 675 (10th Cir.1984)). Rather, we think that various factors rendered any potential prejudice harmless beyond a reasonable doubt. *See United States v. Massey*, 687 F.2d 1348, 1353 (10th Cir.1982). Most significantly, the court gave a prompt curative instruction upon defense counsel's objection. This instruction both told the jury to disregard objectionable statements and informed the jury that, as a rule, post-arrest silence could not be considered. Moreover, the prosecutor's inquiry focused not on Brooks' silence in regard to the charges against him, but on

the collateral issue of police conduct following arrest. *Cf. United States v. Kaye*, 779 F.2d 1461, 1463–65 (10th Cir.1985) (prosecutor may point out defendant's lack of cooperation to rebut allegation that government agent mishandled investigation), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1990, 90 L.Ed.2d 671 (1986). Thus, under the circumstances, we remain confident that the jury did not consider Brooks' post-arrest silence as probative on the issue of guilt or innocence.

C. Vouching for Witnesses

■ The alleged beating also gives rise to Brooks' contention that the prosecutor improperly vouched for the credibility of the Government's witnesses. *See United States v. Bowie*, 892 F.2d 1494, 1498 (10th Cir.1990). The prosecutor argued in closing to the jury that, with respect to the allegations of violence, "I wouldn't sponsor a witness like that, who would do that to a defendant." Tr. at 389.

We agree that the statement constituted improper vouching. Nevertheless, our review remains limited to plain error because Brooks failed to object at trial. *See Bowie*, 892 F.2d at 1498. We see no manifest need for reversal here, given the collateral nature of the police misconduct issue.

D. Sentencing Consideration

■ Brooks contends that the jury, not the court, must determine the amount of cocaine he possessed. We agree. The facts of this case are identical to those in *United States v. Puryear*, 940 F.2d 602, filed contemporaneously with this opinion.[1] In *Puryear*, we held that drug quantity constitutes an essential element of simple possession under section 844(a). 940 F.2d at 603–04. Here, the jury received no instruction on the necessity of determining drug quantity. Moreover, the jury acquitted Brooks of the indictment charges which arguably specified a three ounce quantity.[2]

---

1. Indeed, Brooks and Puryear were co-defendants in the instant case.

2. In contrast to simple possession, drug trafficking offenses treat drug quantity as a sentencing consideration, not an element for the jury. *See*

*United States v. Jenkins*, 866 F.2d 331, 333–35 (10th Cir.1989). Thus, in a drug trafficking case, the jury can convict upon finding an intent to distribute *any* discernable amount of controlled substance. *See id.* at 334. Because the

Consequently, the Government failed to prove that the jury resolved the drug quantity element in its favor. Absent such proof, Brooks stands convicted only of a misdemeanor and must be sentenced accordingly. *Id.* at 604.

### III.

We affirm Brooks' conviction for possession of cocaine base, but reverse his felony sentence and remand with instructions that Brooks be resentenced for a misdemeanor.

IT IS SO ORDERED.

indictment here charged only drug trafficking, and not simple possession, no inference can be drawn that the jury considered Brooks guilty of possessing the quantities charged by the indictment.