**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terry L. PURYEAR,
Defendant–Appellant.**

No. 90–5115.

United States Court of Appeals,
Tenth Circuit.

Aug. 2, 1991.

Stephen J. Greubel, Asst. Federal Public Defender, Tulsa, Okl., for defendant-appellant Puryear.

James L. Swartz, Asst. U.S. Atty., Tulsa, Okl. (Tony M. Graham, U.S. Atty., with him on the brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, BRIGHT, Senior Circuit Judge *, and SEYMOUR, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Terry L. Puryear appeals his felony sentence for possession of cocaine base under 21 U.S.C. § 844(a) (1988) (amended 1990). Puryear contends that the court wrongly sentenced him for a felony because the jury convicted him only of a misdemeanor. We agree with Puryear and thus reverse and remand for resentencing.

* Honorable Myron H. Bright, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation.

### I.

The Government indicted Puryear for three drug trafficking offenses. In substance, the indictment charged that on March 10-11, 1989, Puryear conspired with various others to acquire and sell three ounces of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). The indictment further charged that the group used firearms to protect their operation in violation of 18 U.S.C. § 924(c) (1988) (amended 1990).

At trial, the Government submitted proof that federal agents found cocaine base in various locations at the conspiracy's alleged "safe house" apartment. The amounts recovered ranged from small chips of cocaine base on the kitchen counter to a black nylon bag containing thirty-two grams. Puryear maintained he was a visitor, but admitted seeing cocaine in the kitchen shortly before the agents arrived.

At the close of the trial, Puryear's counsel requested an instruction on the lesser-included offense of simple possession. *See* 21 U.S.C. § 844(a). The court's instruction on simple possession contained no mention of drug quantity.[1] The verdict form submitted to the jury also lacked any reference to the amount of drugs alleged.

The jury acquitted Puryear of the drug trafficking and firearms counts and returned only a general guilty verdict on the lesser-included offense of simple possession. At sentencing, the trial judge determined that Puryear possessed five or more grams of cocaine base and therefore imposed the mandatory statutory minimum sentence of five years. *See* 18 U.S.C. § 844(a). Puryear appealed. He contends that the jury, not the court, must determine the amount of cocaine possessed. We agree and therefore reverse.

1. The court gave the following instruction:
   The crime of possession with intent to distribute, which is charged in Count 2 of the Indictment, necessarily includes the lesser offense of possession of a narcotic controlled substance drug.
   The essential elements of that lesser offense, each of which the government must prove beyond a reasonable doubt, are:

### II.

Simple possession under section 844(a) can be either a felony or a misdemeanor, depending on the amount involved. *See* 18 U.S.C. § 3559(a) (1988) (classifying offenses carrying more than one year of imprisonment as felonies and one year or less of imprisonment as misdemeanors). The statute reads, in relevant part:

It shall be unlawful for any person knowingly or intentionally to possess a controlled substance.... Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both.... Notwithstanding the preceding sentence, a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be fined under title 18 or imprisoned not less than 5 years and not more than 20 years, or both, if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams....

The critical inquiry focuses on whether the drug quantity specified above constitutes an element of the crime or merely a sentencing consideration. If an element, the five gram amount establishes an enhanced offense which must be charged to the jury. *See United States v. Scanzello,* 832 F.2d 18, 22-23 (3d Cir.1987) (stolen property case). If only a sentencing consideration, the five gram amount establishes an enhanced penalty which the sentencing court must determine of its own accord. *See United States v. Jenkins,* 866 F.2d 331, 334-35 (10th Cir.1989) (drug distribution case).

We conclude that drug quantity constitutes an essential element of simple possession under section 844(a). We reach this

**First:** that the defendants possessed crack/cocaine, a schedule II controlled substance;
**Second:** that the defendants did so knowingly and intentionally.
The unlawful offense is complete when each of the two separate elements is proved beyond a reasonable doubt.

result, in part, by contrasting section 844(a) with the drug trafficking provisions of 21 U.S.C. § 841. The drug trafficking provisions of section 841 contain two distinct parts. Subsection (a), entitled "Unlawful acts," defines the crime. It prohibits trafficking in *any* amount of an illegal drug. Subsection (b), entitled "Penalties," sets out the punishment for various drug quantities. It does not itself state a criminal offense. Given the above statutory schema, courts have interpreted congressional intent as vesting the quantity determinations in the sentencing court. *E.g., Jenkins,* 866 F.2d at 334;[2] *United States v. Wood,* 834 F.2d 1382, 1388–90 (8th Cir. 1987). *But cf. Newman v. United States,* 817 F.2d 635, 637–38 (10th Cir.1987) (jury must determine type of drugs distributed under 21 U.S.C. §§ 841, 846).

By comparison, section 844(a) does not attempt to divorce the prohibited act of drug possession from the drug quantities possessed. The statute contains no separate penalty section, but rather interweaves both definitional and penalty provisions throughout. Presented with this schema, we conclude that the statute makes drug quantity an integral part of the crime definition.

This holding comports with our own precedent in interpreting similar statutory frameworks. *Cf. United States v. Alberico,* 604 F.2d 1315, 1321 (10th Cir.) (value forms essential element of theft of government property under 18 U.S.C. § 641), *cert. denied,* 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed.2d 422 (1979). It also draws support from analogous holdings of other circuits. *Cf. Scanzello,* 832 F.2d at 22–23 (value forms essential element of stealing goods from interstate shipment under 18 U.S.C.

§ 659); *Theriault v. United States,* 434 F.2d 212, 214 (5th Cir.1970) (value forms essential element of theft of government property under 18 U.S.C. § 641), *cert. denied,* 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971).

■ The Government nevertheless argues that the requisite drug quantities can be gleaned from the amounts charged by the indictment or attested to by selected witnesses at trial. We reject this contention. Puryear was not convicted of any of the offenses the indictment charged. *Cf. Scanzello,* 832 F.2d at 23. Nor is it clear from the instructions or verdict form that the jury ever determined what amount of cocaine Puryear possessed. Consequently, the Government failed to prove that the jury resolved this necessary element in its favor. *See Newman,* 817 F.2d at 637–38. Absent a jury finding as to the amount of cocaine, the trial court may not decide of its own accord to enter a felony conviction and sentence, instead of a misdemeanor conviction and sentence, by resolving the crucial element of the amount of cocaine against the defendant. Accordingly, Puryear stands convicted only of a misdemeanor and must be so sentenced.

### III.

We reverse and remand this case with instructions that the district court resentence Puryear as a misdemeanant in accordance with this opinion.

IT IS SO ORDERED.

---

**2.** Some tension may exist in this area between the *Jenkins* case and *United States v. Crockett,* 812 F.2d 626, 628–29 (10th Cir.1987). In *Crockett,* we held that drug quantity constituted an element of drug trafficking offenses under section 841. *Id.* Thus, under *Crockett,* a defendant who pleads guilty to trafficking in an unspecified quantity of illegal drugs must, absent a personal admission, be sentenced as a misdemeanant. *Id.* at 629.

*Jenkins* distinguishes *Crockett* on its facts. 866 F.2d at 333–34. *Jenkins* continues to require drug quantity in a drug trafficking case to be charged in the indictment and proven at trial. *Id.* at 334. Once this is done, however, *Jenkins* interprets section 841(b) as making drug quantity a sentencing consideration for the court to determine. *See id.* at 334–35.

Nevertheless, the tension, if any, presents no problem here. In essence, both cases can support our conclusion that drug quantity constitutes a necessary element of a simple possession offense under section 844.