**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Zackery Lucius SHARP, Defendant–Appellant.**

No. 93–5117.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 12, 1993.

Decided Dec. 28, 1993.

John MacCoon, Asst. U.S. Atty. (argued and briefed), Chattanooga, TN, for plaintiff-appellee.

Kenneth L. Miller (argued and briefed), Logan, Shockey, Miller & Bilbo, Cleveland, TN, for defendant-appellant.

Before: KENNEDY, MARTIN and NELSON, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

Under 21 U.S.C. § 844(a), a person convicted of simple possession of more than five grams of crack cocaine is subject to imprisonment for not less than five years and not more than 20 years. Because the maximum term exceeds one year, the crime is classified as a felony under 18 U.S.C. § 3559(a). Simple possession of crack cocaine is punishable by imprisonment for not more than one year,

however, and is thus only a misdemeanor, if the amount possessed does not exceed five grams and if the defendant has no prior federal drug convictions.

The defendant in the case at bar, who had no prior drug convictions, was charged with having violated 21 U.S.C. § 841(a)(1) by possessing 164 "rocks" of crack cocaine with intent to distribute the drug. A jury acquitted the defendant of the trafficking charge, but found him guilty under § 844(a) of the lesser included offense of simple possession. Although the jury did not specify the amount of crack that the defendant was guilty of possessing, the trial judge found that he possessed more than five grams. Invoking U.S.S.G. § 2D2.1(b), which applies "[i]f the defendant is convicted of possession of more than 5 grams of [crack cocaine]," the judge sentenced the defendant as a felon.

The question presented on appeal is whether the existence of an amount in excess of the five-gram threshold is an "element" of the felony or merely a factor affecting the sentence. If it is an element of the felony, the amount must be found by the jury beyond a reasonable doubt; if not, the amount is subject to determination by the trial judge under a preponderance of the evidence standard.

Because a first offender cannot be guilty of a simple possession felony unless the amount of crack possessed exceeds five grams, we conclude that the amount possessed constitutes an element of the offense. Accordingly, we shall vacate the judgment entered by the district court and remand the case with instructions that the defendant be sentenced as a misdemeanant.

I

On August 31, 1992, the record discloses, an undercover operative working with a local drug enforcement unit in Cleveland, Tennessee, went to an establishment called the P & R Club. There the operative allegedly bought a "rock" of crack cocaine from Zackery Lucius Sharp, the defendant in this proceeding.

The operative immediately reported the transaction to the police and told them that Mr. Sharp would be carrying more crack cocaine when he left the club. The officers kept watch on the premises, and when Mr. Sharp came out they followed him to the parking lot of an apartment building. There the officers approached Mr. Sharp and identified themselves as policemen. Mr. Sharp started running, and the officers gave chase. As they were pursuing him, according to the officers, they saw him remove something from his underwear and toss it away. Shortly thereafter, they said, they saw him try to get rid of something else.

Upon searching the area after Mr. Sharp was apprehended, according to the officers, they found two plastic bags—one containing 114 rocks of cocaine and the other containing 50 rocks. The total weight of the drugs was said to have been 15.9 grams. (The papers before us do not disclose the separate weights of the individual lots; assuming a uniform weight per rock, however, one of the bags would have contained less than five grams and the other more than five grams.) Mr. Sharp was found to be carrying a marked $10 bill that had been used for the cocaine purchase in the club. A revolver, wrapped in a bandanna, was found in the glove compartment of his car.

A grand jury indicted Mr. Sharp on two counts: possession of 164 rocks of crack cocaine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1), and use of a firearm during and in relation to a drug-trafficking offense, a violation of 18 U.S.C. § 924(c). The weight of the 164 rocks was not specified anywhere in the indictment.

The defendant took the stand at trial and denied any connection with crack cocaine. He claimed that he had run away out of fright, and he suggested that the two bags of crack found at the scene of his arrest were planted there by the police.

The jury was instructed on both the § 841(a)(1) drug trafficking offense and the lesser included offense of simple possession, 21 U.S.C. § 844(a). The jury charge included the following statements and instructions:

"Count 1 charges [that] the Defendant ... possessed with intent to distribute approximately 164 rocks of crack cocaine.

You, the jury, are not required to make any decision on the amount of crack cocaine involved. In other words, if you find that the Government has proven beyond a reasonable doubt the elements of the offense charged in Count 1 as to any amount of crack, then you will find the Defendant guilty.

"If you, the jury, should find the Defendant guilty under Count 1, then it will be up to me, the Court, to determine what the actual amount of crack involved at the time was, and I'll do that at the time the Defendant is sentenced. . . .

"The crime of possession with intent to distribute which is charged in Count 1 of the indictment in this case necessarily includes the lesser offense of possession of a controlled substance drug. In this case, crack cocaine.

"If you find the Defendant . . . not guilty of the offense of possession with intent to distribute, you should consider the lesser included offense of possession of a controlled substance. The essential elements of that lesser offense, each of which the Government must prove beyond a reasonable doubt, are, first, the Defendant possessed crack cocaine, a Schedule II narcotic controlled substance, and, second, the Defendant did so knowingly, intentionally."

The jury was not told that it should determine the amount of crack involved if the defendant were found guilty of the lesser included possession offense.

The jury ultimately found the defendant innocent of both the drug trafficking charge and the firearm charge. As indicated above, however, the defendant was found guilty of simple possession of crack cocaine, the lesser included offense described in the court's charge on count one. The jury made no finding, of course, as to the amount of crack possessed by the defendant. Had it been asked to make such a finding, the jury might well have found that the defendant possessed both of the bags discovered by the police at the scene of the arrest. It is by no means inconceivable, however, that a jury inclined toward leniency might have convicted the defendant of possessing only the 50–rock bag, which may have contained less than five grams of crack.

Under the United States Sentencing Guidelines, the "offense guideline section" for unlawful possession of drugs is U.S.S.G. § 2D2.1. Subsection (b) thereof, captioned "Cross Reference," directs that § 2D1.1 be applied "[i]f the defendant is convicted of possession of more than 5 grams of a mixture or substance containing cocaine base. . . ." ("Cocaine base" is the substance commonly referred to as "crack.") U.S.S.G. § 2D1.1 prescribes a base offense level of 26 where the crime involves cocaine base of at least five grams in weight but less than 20 grams. See U.S.S.G. § 2D1.1(c). The range of guideline sentences for offense level 26 begins with imprisonment for 63 months.

In a presentence investigation report prepared for the district judge by a U.S. Probation Officer, the officer recommended use of a base offense level of 26 on the theory that Mr. Sharp had been convicted of possessing 15.9 grams of cocaine base. The recommendation was accepted, over the defendant's objection, and the court imposed a sentence of imprisonment for 63 months. This appeal followed.

## II

■ If the jury had found Mr. Sharp guilty of possessing crack cocaine with intent to distribute it, the maximum term of imprisonment authorized by the statute would have exceeded one year regardless of the amount possessed (see 21 U.S.C. § 841(b)) and the offense would necessarily have been classified as a felony under 18 U.S.C. § 3559(a). Under those circumstances, our caselaw teaches, the amount possessed would have been subject to determination by the judge as a factor bearing on the severity of the penalty. See *United States v. Rey,* 923 F.2d 1217, 1223 (6th Cir.1991) (amount of cocaine possessed with intent to distribute "is not an element of the offense under 21 U.S.C. § 841(a);" the quantity provisions of § 841(b) "are applicable only to sentencing"); *United States v. Moreno,* 899 F.2d 465 (6th Cir.1990) (same). And see *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), where a Pennsylvania

statute provided that anyone convicted of certain felonies was to receive a mandatory minimum sentence of five years' imprisonment if the sentencing judge found, by a preponderance of the evidence, that the defendant visibly possessed a firearm during the commission of the felony. The United States Supreme Court rejected a constitutional challenge to the statute, Pennsylvania not having made visible possession of a firearm an element of the felony offense.

■ A significantly different picture emerges, as we see it, where the factor at issue (here the quantity of crack cocaine possessed by the defendant) does not merely affect the length of the defendant's sentence, but determines whether he is guilty of a felony or a misdemeanor. More is involved in this distinction than the length of the sentence, because felony convictions carry disabilities that do not attach to misdemeanor convictions. In Mr. Sharp's state of Tennessee, for example, convicted felons are disqualified from exercising the right of suffrage, from seeking or holding state office, and from acting as executors, administrators, or guardians. See Tenn.Code Ann. §§ 40–20–112 through 115. Convicted felons are also barred from receiving or maintaining professional licenses of various kinds. See Tenn.Code Ann. § 62–13–312 (real estate broker); § 23–3–201 (attorney); § 62–26–207 (private investigator). And a person who has been convicted of a felony drug offense is prohibited from possessing a handgun. See Tenn.Code Ann. § 39–17–1307.

■ It is a serious matter, obviously, to deprive an American citizen of civil rights as important as the right to vote, the right to keep and bear arms, and the right to engage in a chosen business or profession. For a sentencing judge to effect such a deprivation by factual findings that convert what would otherwise be a misdemeanor into a felony seems to us an impermissible usurpation of the historic role of the jury. The principle

that a defendant is entitled to have a jury of his peers determine whether or not he has committed a felony is a "principle of justice so rooted in the traditions and conscience of our people," we believe, "as to be ranked as fundamental." (The quoted phrase, which has been used by the Supreme Court repeatedly, appears in *McMillan v. Pennsylvania,* 477 U.S. at 85, 106 S.Ct. at 2042. Citations omitted.) We are not prepared to jettison such a principle if we are not required to do so.

There appears to be no published decision holding that a person who violates 21 U.S.C. § 844(a) may be convicted of a felony, as opposed to a misdemeanor, on the strength of a sentencing judge's factual finding on the amount of crack cocaine possessed by the defendant. The only decisions we know of that are directly in point go the other way. See *United States v. Puryear,* 940 F.2d 602, 604 (10th Cir.1991) ("Absent a jury finding as to the amount of cocaine, the trial court may not decide of its own accord to enter a felony conviction and sentence, instead of a misdemeanor conviction and sentence, by resolving the crucial element of the amount of cocaine against the defendant"); *United States v. Brooks,* 940 F.2d 598 (10th Cir.1991) (same).

Although the government acknowledges that the Tenth Circuit's decision in *Puryear* supports the defendant's contention here, the government suggests that a three-judge panel implicitly overruled *Puryear* in the subsequent case of *United States v. Morehead,* 959 F.2d 1489 (10th Cir.1992). Unlike *Puryear,* however, *Morehead* involved a marijuana trafficking conspiracy where the offense would have been a felony regardless of the quantity of marijuana involved.[1] In the still later case of *United States v. Stanberry,* 963 F.2d 1323, 1326 (10th Cir.1992)—a case which, like *Morehead,* involved drug crimes that were "not quantity dependant"—*Puryear* was cited to illustrate "that the facts

---

1. In none of the Sixth Circuit cases cited to us, similarly, was the felony/misdemeanor dichotomy implicated. In addition to *Moreno,* 899 F.2d 465, and *Rey,* 923 F.2d 1217, see *United States v. Sawyers,* 902 F.2d 1217 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2895, 115 L.Ed.2d 1059 (1991); *United States v. Todd,* 920 F.2d 399

(6th Cir.1990); *United States v. Hodges,* 935 F.2d 766 (6th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 251, 116 L.Ed.2d 206 (1991); and *United States v. Rigsby,* 943 F.2d 631 (6th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1269, 117 L.Ed.2d 496 (1992).

relevant to guilt or innocence are for a jury to decide and that the facts relevant to sentencing are for the sentencing court to decide." *Puryear* thus seems to remain good law in the Tenth Circuit. We see no reason to create a conflict with that circuit, and strong reasons not to.

The felony of which Mr. Sharp was convicted in the case at bar was a "quantity dependant" crime, to use *Stanberry*'s terminology, and the facts relevant to guilt or innocence of that crime—including possession of a quantity of crack cocaine exceeding five grams—were for the jury to decide. The jury not having found that Mr. Sharp possessed more than five grams of the drug, the judgment is VACATED and the case is REMANDED for imposition of a term of imprisonment not to exceed one year.