19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles JOHNSON, Defendant-Appellant.
 No. 93-2396.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: KEITH and MARTIN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals his conviction and sentence for possession of cocaine. Although he was charged under 21 U.S.C. Sec. 841(a) for possession of cocaine with intent to distribute, the defendant was convicted by a jury of the lesser included offense of simple possession of cocaine in violation of 21 U.S.C. Sec. 844. The defendant moves for a remand to the district court for resentencing in view of our decision in United States v. Sharp, 12 F.3d 605 (6th Cir.1993) and states that the government does not oppose such a remand. The government has not responded.
 
 
 2
 A conviction under Sec. 844 may be a misdemeanor, subject to a sentence of not more than one year of imprisonment, provided the defendant did not possess more than five grams of cocaine. In the instant case, the district court determined at sentencing that the defendant had possessed in excess of five grams of cocaine and therefore imposed a felony sentence of 60 months. Sharp held that the quantity of drug in a simple possession charge is an element of the offense which is for jury determination. Thus, in Sharp the judgment of sentence was vacated and the case remanded for further sentencing. Such a remand is also necessary in this case as it appears that the district court made a determination of drug quantity which converted the offense from a misdemeanor to a felony after conviction.
 
 
 3
 Therefore, it is ORDERED that the judgment of sentence is vacated, and this matter is remanded to the district court for resentencing in view of our decision in Sharp.