65 F.3d 179
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edith Evelyn YOUNG, Defendant-Appellant.
 No. 95-6029.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant-appellant Edith Evelyn Young appeals the district court's denial of her motion to vacate, set aside, or correct her sentence, 28 U.S.C. 2255. Ms. Young pleaded guilty to a one-count indictment charging her with possession of 5.8 grams of cocaine, 21 U.S.C. 844. She now contends that the actual amount of cocaine was not determined, and that the amount relied upon by the district court was erroneous.
 
 
 2
 Ms. Young does not claim that her plea of guilty was either uncounseled or involuntary, United States v. Broce, 488 U.S. 563, 569 (1989), but only that the trial court lacked authority under 844(a) to determine quantity. Relying upon United States v. Puryear, 940 F.2d 602, 604 (10th Cir.1991), she contends that, absent a jury finding as to the amount of cocaine involved, the district court could not enter a felony conviction and sentence based upon its own determination.
 
 
 3
 Puryear is inapposite. It involved a trial. Here, Ms. Young entered into a plea agreement with the government, and pleaded guilty to possession of 5.8 grams of cocaine base. The district court did not err.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument