**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALBERT WINTERS, JR.,

      Defendant-Appellant.

No. 05-3143
(D.C. No. 03-CR-20096-13-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

---

Albert Winters, Jr., directly appeals his conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(A)(viii); and 18 U.S.C. § 2. Winters challenges his conviction on three grounds. He argues that the evidence was insufficient to support his conviction, that the jury instructions misled the jury, and that an

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

evidentiary ruling was an abuse of discretion and violated his Sixth Amendment right to confrontation. For reasons similar to the district court, we **AFFIRM**.

This case arises out of an investigation into a Mexico-based drug ring that imported and distributed methamphetamine in the Kansas City area. Winters was originally charged in a conspiracy indictment naming twelve co-conspirators. The charges against eight of his alleged co-conspirators were dropped prior to trial, two of the co-conspirators pled guilty, and two co-conspirators were at large at the time of trial. Consequently, when Winters came to trial, he faced a charge of conspiring only with Philip Lopez, who pled guilty to the same charges, and "other persons known and unknown."

Prior to trial, the government moved to exclude "any information regarding the dismissal of charges without prejudice against some of the co-defendants in the present case." Winters did not object to the motion, which the court granted. On the basis of this motion, the court prevented him from asking witnesses at trial whether any of the co-conspirators named in the original indictment knew Winters.

At trial, the government presented testimony from Lopez that he and Winters had entered into business together selling drugs. Lopez testified that he purchased drugs from a supplier in Kansas City and sold them to Winters. According to Lopez, Winters purchased methamphetamine in increasingly larger

amounts, and on at least one occasion, he purchased a single delivery of a half-pound of methamphetamine. William Krenger and Nita Whittington both testified that they purchased methamphetamine from Winters during this period. The jury convicted Winters, and he appeals.

Winters argues that there is insufficient evidence to establish that the total amount of methamphetamine involved in the conspiracy was 500 grams or more. We review challenges to the sufficiency of the evidence de novo. United States v. Bush, 405 F.3d 909, 919 (2005). In doing so we consider both direct and circumstantial evidence, and all reasonable inferences therefrom, in the light most favorable to the government. Id. We do not "question the jury's credibility determinations or its conclusions about the weight of the evidence." United States v. Lazano-Villalobos, 175 F.3d 838, 843 (10th Cir. 1999). There is sufficient evidence to support a conviction if "a reasonable jury could find the defendant guilty beyond a reasonable doubt." Bush, 405 F.3d at 919 (quotation and citation omitted).

Lopez testified that Winters "obtained ounces [of methamphetamine] and one-half pound on one occasion" and that he and Winters discussed "doing a one-pound deal." A purchase of a pound and a half of methamphetamine would place

Winters over the 500 gram limit.[1]  Lopez further testified that for "[t]he first month and a half or so, it was [an] ounce here, give or take . . . [then] we moved up to quarters."  Between the discussion of a purchase of one-pound, the actual purchase of a half-pound, and the series of one-ounce purchases of methamphetamine, there is more than sufficient evidence for a reasonable jury to find that Winters conspired to possess more than 500 grams of methamphetamine.

Next, Winters claims that the verdict form was erroneous because it did not give jurors the option of finding that the amount of methamphetamine involved in the conspiracy was less than 500 grams.  Because Winters did not object to the verdict form at trial, we review for plain error.  United States v. Dowlin, 408 F.3d 647, 664 (10th Cir. 2005).  A plain error is one that "affects the [defendant's] fundamental right to a fair and impartial trial."  United States v. Hernandez-Garcia, 901 F.2d 875, 876 (10th Cir. 1990).  Fundamental rights are affected if the outcome of the district court proceedings would have been different but for the error.  United States v. McHorse, 179 F.3d 889, 903 (10th Cir. 1999).  Winters was charged with conspiring to possess with intent to distribute more than 500 grams of methamphetamine.  Had the jury found that he conspired to possess less than 500 grams of methamphetamine, they would have found him not guilty.  See

---

[1] One pound is equivalent to 454 grams.  Winters conspired to purchase at least one and a half pounds of methamphetamine, or 681 grams.

United States v. Puryear, 940 F.2d 602, 603 (10th Cir. 1991) (drug quantity is an element of the offense). Thus, we hold that the use of the verdict form does not constitute plain error.

Finally, Winters argues that the district court abused its discretion and violated his Sixth Amendment rights by preventing him from developing his defense that he did not know the other people charged in the original indictment. He claims that he should have been able to raise the issue of whether he knew the other co-conspirators, regardless of whether the charges against these co-conspirators were dismissed. We review a trial court's decision to limit the scope of cross-examination for abuse of discretion, reversing only if the error affected the substantial rights of the accused. United States v. Begay, 144 F.3d 1336, 1339 (10th Cir. 1998). We review de novo whether a restriction on cross-examination violates a defendant's Sixth Amendment right to confrontation. United States v. McGuire, 200 F.3d 668, 677 (10th Cir. 1999).

Because Winters was charged only with conspiring with Lopez and "other persons known and unknown," the district court did not err by granting the government's motion to exclude information regarding the dismissal of charges against Winters' co-defendants. Nor was Winters' Sixth Amendment right to confrontation violated by the court's limitation on his cross-examination of the other co-conspirators. Winters' counsel demonstrated at trial that Winters did not

know Luis Arelano, an associate of Alejandro Villegas, Lopez's Kansas City drug source, or Miguel Renaga, who delivered drugs for Villegas. The government elicited testimony from Lopez that Winters could not have dealt directly with Villegas "because he was Caucasian." Winters also established that the agents investigating the Mexican drug ring had not seen Winters give money or pick up drugs from Villegas or other co-conspirators under surveillance. Thus, Winters had an opportunity to present his defense that he did not know the members of the larger drug operation. The trial court did not abuse its discretion in granting the government's motion, and Winters' Sixth Amendment rights were not violated by the court's limitation on cross-examination.

Because there was sufficient evidence to support Winters' conviction, because the verdict form did not constitute plain error, and because the district court did not err or violate Winters' rights in limiting the scope of his cross-examination, we **AFFIRM**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge