**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4405**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT LEE THOMPSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:05-cr-00485-LMB)

---

Submitted: June 25, 2007          Decided: July 30, 2007

---

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Dale W. Dover, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Sean G. Dillon, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury indicted Robert Thompson for possession with intent to distribute five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). The jury acquitted Thompson of the possession with intent to distribute charge, but found him guilty of the lesser-included offense of possession of five grams or more of cocaine base. The court sentenced Thompson to sixty months' imprisonment.

On appeal, Thompson raises the following issues: (1) whether the district court erred in denying Thompson's motion to suppress; (2) whether the district court properly calculated the quantity of cocaine attributable to Thompson; and (3) whether the district court erred by sua sponte giving an instruction for the lesser included offense of simple possession of cocaine base. After thoroughly reviewing the record of trial, we affirm.

Thompson contends the district court erred in denying his motion to suppress. This Court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). The uncontroverted evidence is that a trio of law enforcement officers in an unmarked police car observed Thompson

driving his vehicle without a seat belt.  Virginia Code § 46.2-1094 requires front seat occupants of a motor vehicle to wear a seat belt.  We conclude the officers were permitted to make a lawful stop pursuant to this violation.

Moreover, the officers had probable cause to believe that the driver of the vehicle was the subject of an arrest warrant, because a warrant was outstanding for the registered owner of the vehicle.  Thompson argues that because the warrant was actually for another person, the arrest was invalid and in bad faith.  However, the investigators determined through a data base search that a warrant was outstanding for a Robert Thompson.  During the stop, the driver was identified as Robert Thompson.  Thompson matched the description in the warrant except for the weight, a personal characteristic that is subject to change.  When investigators asked Thompson to exit the vehicle in order to verify Thompson's identity and to view an object Thompson was attempting to hide, a plastic bag containing pills fell to the ground.  We conclude the officers acted reasonably and in good faith, as both the outstanding warrant and seat belt violation were sufficient to justify the stop of Thompson's vehicle.

Finally, Thompson argues that his stop, search, seizure, and arrest were pretextual or based on racial profiling.  We find this argument unsupported by the record.

Thompson next argues the quantity of cocaine base attributed to him should only be 4.8 grams of cocaine base because that was the amount of the active substance found in the mixture. The net weight of the mixture was 7.9 grams, which included the cocaine base and the substances mixed in with it. Under U.S. Sentencing Guidelines § 2D1.1(c)(A), "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." Moreover, this Court has held that under the plain text of the guidelines, district courts must apply the gross weight theory, which is calculated by combining the gross weight of the narcotic plus any carrier mediums. United States v. Meitinger, 901 F.2d 27, 29 (4th Cir. 1990). We find the issue is without merit.

Thompson next argues that the district court erred by instructing the jury on the lesser included offense of simple possession. Thompson argues the instruction and conviction for the lesser included offense violates the due process, double jeopardy, indictment and notice clauses of the Fifth and Sixth Amendments. Thompson did not object to the challenged instruction at trial. Therefore, plain error is the appropriate standard of review. United States v. Maxton, 940 F.2d 103, 105 (4th Cir. 1991).

Thompson relies on cases from other circuits to support his position that possession of cocaine under § 844(a) is not a

lesser included offense of possession with intent to distribute cocaine base under § 841(a). These cases hold that the third sentence in § 844(a) creates a separate crime for possession of cocaine base that requires proof of drug type and quantity as essential elements, and therefore the offense cannot be considered a lesser included crime of possession with intent to distribute, which does not require proof of those elements. United States v. Deisch, 20 F.3d 139, 144 (5th Cir. 1994); United States v. Sharp, 12 F.3d 605, 606 (6th Cir. 1993); United States v. Michael, 10 F.3d 838, 839 (D.C. Cir. 1993); United States v. Puryear, 940 F.2d 602, 603-04 (10th Cir. 1991). However, other circuits have taken the opposite position. United States v. Butler, 74 F.3d 916, 922-24 (9th Cir. 1996); United States v. Smith, 34 F.3d 514, 519-20 (7th Cir. 1994); United States v. Monk, 15 F.3d 25, 27 (2d Cir. 1994).[*]

Under Schmuck v. United States, 489 U.S. 705, 716 (1989), "the elements of the lesser offense are a subset of the elements of the charged offense." We find that both § 841 and § 844 describe the same offense, except § 844(a) does not have the intent to distribute element. Therefore, because the elements of § 844(a)

---

[*] This Court has held in other contexts that "possession of cocaine base is a lesser included offense of possession with intent to distribute cocaine base." United States v. Jones, 204 F.3d 541, 544 (4th Cir. 2000) (two offenses—possession and possession with intent to distribute—regarding same 3.4 grams of cocaine must be merged for sentencing purposes); United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993) (conspiracy to possess cocaine is a lesser-included offense of conspiracy to distribute cocaine).

are a subset of § 841, we find the district court did not commit plain error.

Thompson next argues that he did not receive adequate notice of the charge of which he was convicted. A defendant must receive "fair notice of the elements of the offense with which he is charged and sufficient detail so that he can plead an acquittal or a guilty verdict as a bar to a subsequent prosecution for the same offense." United States v. Jackson, 327 F.3d 273, 290 (4th Cir. 2003).

Here, the grand jury indicted Thompson for possession with intent to distribute "five grams or more of a mixture and substance containing . . . cocaine base." We find the indictment set forth all the elements of § 844(a), and therefore Thompson had notice of the offense for which he was convicted. The claim is without merit.

Thompson finally argues his conviction of a lesser included offense violates the Double Jeopardy Clause of the Fifth Amendment, which prohibits multiple punishment for the same offense. United States v. Johnson, 32 F.3d 82, 84 (4th Cir. 1994). Because Thompson was punished for only one offense, the Double Jeopardy Clause is inapplicable, and the argument is without merit.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED