97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence HOUSTON, Defendant-Appellant.
 No. 95-5878.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1996.
 
 Before: BOGGS and NORRIS, Circuit Judges; and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Lawrence Houston appeals the denial of his pro se motion to vacate his sentence under 28 U.S.C. § 2255. We affirm, albeit for different reasons than those upon which the district court relied.
 
 
 2
 Houston was indicted by a federal grand jury on charges of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). After a jury trial, Houston was acquitted of these charges, but was convicted of the lesser included charge of possessing more than five grams of cocaine base. 21 U.S.C. § 844(a). On direct appeal, Houston unsuccessfully argued that the evidence presented at trial was insufficient to support his conviction of the lesser included offense. United States v. Houston, No. 93-5477 (6th Cir. April 11, 1994).
 
 
 3
 The unpublished decision affirming Houston's conviction recounted the following facts:
 
 
 4
 On July 31, 1992, Officer William Kohl of the Memphis, Tennessee Police Department was on patrol in his squad car when he heard a radio report of gunfire in the Dixie Homes housing project. Upon driving into the housing complex at about 7:30 p.m., Kohl observed two men, one of whom was armed with a sawed-off shotgun, standing against the side of a building about one hundred feet from his car. The men fled after seeing the police car, and Kohl gave chase on foot. After losing them during the chase, Kohl returned to his car, where he heard another radio report that two men, one of them armed, had been seen entering an apartment at 233 Decatur Avenue. Five other Memphis police officers who had also heard this radio report arrived at the apartment before Kohl, and obtained the owner's permission to conduct a search. These officers found Lawrence Houston, Tony Houston, and William Oesly inside the apartment. Tony Houston, also called "little Lawrence," is Lawrence Houston's younger brother, and was a juvenile at the time these events occurred.
 
 
 5
 Officer Timothy Sims, one of the first police officers to enter the apartment, testified at trial that he saw Lawrence Houston use his right hand to pass a plastic bag, containing what appeared to be rock cocaine, to Tony Houston. According to Sims, Tony then dropped the bag to the floor, and pushed it towards the wall with his foot. None of the other officers observed these actions. After taking both brothers into custody, the officers recovered the plastic bag from a spot two or three feet away against the wall. The bag was later determined to contain 7.9 grams of cocaine base. The officers searched Lawrence Houston and found eight hundred and seventy-five dollars, wrapped in a bundle with a rubber band, in his waistband. A loaded, sawed-off shotgun was also recovered from between the mattresses of a bed in the apartment. At about this time, Officer Kohl arrived at the apartment and identified Lawrence Houston as the man he had seen earlier carrying a sawed-off shotgun.
 
 
 6
 Id. at 2. There was evidence contradicting this account, specifically the testimony of Houston's brother who claimed the cocaine base and shotgun were his.
 
 
 7
 During the instruction conference, FED.R.CRIM.P. 30, Houston's trial counsel asked the trial court for a lesser included offense instruction:
 
 
 8
 I think it should be included because the officer testified to personal versus intent to distribute. It was his opinion that this amount was used with intent to distribute under the other set of instructions. They can reject his opinion. Therefore, because they can reject his opinion as to whether or not this amount is with intent to distribute, I would argue that they could find personal use in this case if they find possession at all.
 
 
 9
 (Joint Appendix (JA) 30-31.) As the government did not object to this request, the district court gave the jury the following instruction:
 
 
 10
 [T]he charge of possession with intent to distribute cocaine base includes the lesser charge of simple possession of over 5 grams of cocaine base. If you find the defendant not guilty of possesses [sic] with intent to distribute cocaine base, then you must go on to consider whether the government has proved the charge of possession of over 5 grams of cocaine base.
 
 
 11
 (JA 37-38.)
 
 
 12
 After his conviction was affirmed on direct appeal, Houston filed his § 2255 motion. He argued that he was denied the effective assistance of counsel when his trial counsel sought and was granted a lesser included offense instruction under 21 U.S.C. § 844(a) and that it was plain error for the trial court to give said instruction. The district court denied relief, relying on United States v. Smith, 34 F.3d 514 (7th Cir.1994), and distinguishing United States v. Sharp, 12 F.3d 605 (6th Cir.1993). (JA 26-27.) This timely appeal followed.
 
 
 13
 Houston's argument that it was "plain error" for the trial court to give the lesser included offense instruction does not warrant extended discussion. As Houston's trial counsel proposed the instruction, the "invited-error" doctrine precludes appellate review under all but the "most exceptional situations." United States v. Sharpe, 996 F.2d 125, 129 (6th Cir.), cert. denied, 114 S.Ct. 400 (1993) (citations omitted). Such circumstances are not presented here.
 
 
 14
 Turning to Houston's primary argument, viz., that his trial counsel was ineffective for proposing the lesser included offense instruction at issue here, it must first be noted that at the time the now challenged instruction was given, the Sixth Circuit had not spoken on the issue in a published opinion. It had, however, addressed the matter in an unpublished decision, holding that simple possession of cocaine base was a lesser included offense of possession of cocaine base with intent to distribute. United States v. Mumford, 991 F.2d 797 (Table), 1993 WL 128502 (6th Cir. (Mich.)); see also United States v. Woodward, 991 F.2d 797 (Table), 1993 WL 104842 (6th Cir. (Ohio)). Subsequent to these decisions and, more importantly, after Houston's trial, this court in Sharp made it clear that "[b]ecause a first offender cannot be guilty of a simple possession felony unless the amount of crack possessed exceeds five grams," the "amount possessed constitutes an element of the offense." Sharp, 12 F.3d at 606. The district court below attempted to distinguish Sharp on the ground that the trial jury was instructed that the amount of cocaine base possessed had to exceed five grams before the defendant could be found guilty of the crime of simple possession. However, we need not address the soundness of the district court's action as we measure counsel's effectiveness at the time of trial. Strickland, 466 U.S. at 690.
 
 
 15
 An ineffective assistance of counsel claim requires a two-part showing by the defendant: first, that the performance of trial counsel was so deficient that counsel ceased to function as "counsel" as contemplated by the Sixth Amendment; and second, that this deficiency prejudiced the defendant by effectively depriving him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In assessing counsel's performance, a reviewing court should be highly deferential, allowing for the fact that strategic decisions made in the context of a trial should not be second-guessed with the benefit of hindsight but instead should be evaluated by recognizing that "[t]here are countless ways to provide effective assistance in any given case." Id. at 689-90.
 
 
 16
 As exemplified by the facts gleaned from the decision on Houston's direct appeal, it is clear that he was facing the real possibility of being convicted on the charge of possessing more than five grams of cocaine base with the intent to distribute which carries a maximum sentence of forty years, 21 U.S.C. § 841(b)(1)(B). Also looming was conviction on the charge of carrying a sawed-off shotgun during a drug trafficking crime which carries a mandatory consecutive sentence of five years, 18 U.S.C. § 924(c)(1).
 
 
 17
 It is equally clear that in proposing the lesser included offense instruction Houston's trial counsel was hoping to provide the jury with a compromise verdict option, one which would limit his client's exposure to a maximum sentence of twenty years under 21 U.S.C. § 844(a). In addition, during the Rule 30 conference, Houston's trial counsel outlined another strategic goal: if the jury found Houston guilty of only the lesser included offense, counsel would then argue that Houston could not be convicted of the firearm offense with its mandatory consecutive sentence. (JA 33-35.)
 
 
 18
 We are persuaded that counsel's decision in this regard is just the sort of discretionary strategic decision which must necessarily be made in the course of a trial. Such a tactical decision presents a particularly difficult occasion in which to show deficiency and is entitled to a presumption that it constitutes sound strategy. O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994). A strategic choice made after a thorough investigation of the law and facts is "virtually unchallengeable." Id. at 828 (citing Strickland, 466 U.S. at 690). Given the latitude necessary for the effective exercise of professional judgment, this is with good cause.
 
 
 19
 For the reasons stated above, we do not believe that counsel's strategic decision with respect to the lesser included instruction was deficient, taking into account the state of the law in the Sixth Circuit at the time and the defendant's predicament. Consequently, we need not reach the question of whether his performance prejudiced the defendant.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation